Robert H. Scott (USB #10981)
Chandler P. Thompson (USB #11374)
David P. Billings (USB #11510)
**AKERMAN LLP (F/K/A AKERMAN SENTERFITT LLP)**
170 South Main Street, Suite 950
Salt Lake City, UT  84101-1648
Tel.:  (801) 970-6900
Fax:  (801) 355-0294
robert.scott@akerman.com
chandler.thompson@akerman.com
david.billings@akerman.com

Attorney for defendant ReconTrust Company, N.A.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIC ALLRED and SCOTT JENSEN, on their own behalf and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>RECONTRUST COMPANY, N.A.<br>    Defendant. | **DEFENDANT'S NOTICE OF REMOVAL**<br><br>    **(28 USC §§ 1332, 1441, 1453, 1446)**<br><br>Case No.: 2:13-cv-01124-EJF<br><br>Magistrate Judge Evelyn J. Furse<br><br>[Third District Ct. Civil No. 130414934] |

Pursuant to 28 U.S.C. §§ 1332, 1441 1453, and 1446(a), defendant ReconTrust Company, N.A. (**ReconTrust**), hereby gives notice of its removal of this civil action (Civil No. 130414934, entitled *Eric Allred and Scott Jensen v. ReconTrust Company, N.A.*) from the Third Judicial District Court, West Jordan Department, in and for Salt Lake County, State of Utah (**state court**) to the United States District Court for the District of Utah, Central Division (**federal court**).  In support of this notice of removal, ReconTrust states as follows:

I.     STATEMENT OF FACTS

1.     On December 6, 2013, Plaintiffs Eric Allred (**Allred**) and Scott Jensen (**Jensen** and together with Allred, **plaintiffs**), on behalf of themselves and those similarly situated, filed a complaint, styled as a putative class action, in the Third Judicial District Court, West Jordan Department, in and for Salt Lake County, State of Utah, against Defendant ReconTrust Company, N.A. (**ReconTrust**) regarding alleged events related to loans secured by parcels of property located in Draper and Woods Cross, Utah.

2.     Removal of this complaint is timely under 28 U.S.C. § 1446(b) because this notice of removal was filed within thirty days after ReconTrust received a copy of the summons and complaint, the initial pleading setting forth the claims for relief upon which this removal is based.  ReconTrust was purportedly served on December 20, 2013.[1]

3.     The federal court has jurisdiction over Salt Lake County, in which the state court action is now pending, and is therefore a proper venue for this action.

4.     No previous application has been made for this relief.

5.     In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders" ReconTrust received is attached hereto as **Exhibit A.**

6.     In accordance with 28 U.S.C. § 1446(d), ReconTrust will provide a copy of this Notice of Removal to the clerk of the state court.

---

[1] By statute, the 30-day removal period is calculated from the date the last defendant was served. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, §§ 103(3)(B), 105(a), (b) (2011) (**FCJVC**) (For every case "commenced on or after" January 6, 2012, "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.").

7. In accordance with 28 U.S.C. § 1446(d), ReconTrust will serve written notice of the filing of this notice of removal upon plaintiffs through their attorney of record, Tyler Ayres.

8. In filing this notice of removal, ReconTrust does not waive any, and specifically reserves all, defenses, exceptions, rights, and motions. No statement or omission in this notice shall be deemed an admission of any of allegations of or damages sought in the complaint.

9. As more fully set forth below, this case is properly removed to this Court because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and also has jurisdiction pursuant to the Class Action Fairness Act (**CAFA**), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

## II.     REMOVAL JURISDICTION BASED UPON DIVERSITY

10. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

11. Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

12. Plaintiffs are citizens of Utah. *See* Compl. ¶¶ 6-7 (noting that Allred and Jensen are both residents of Utah).

13. ReconTrust Company, N.A. is a citizen of California because it is a national bank whose main office is located in Simi Valley, California, pursuant to its articles of association.[2]

14. The amount in controversy exceeds $75,000. While plaintiffs do not provide an amount of relief requested, such an omission is not sufficient to prevent removal. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (noting that a plaintiff "cannot avoid removal merely by declining to allege the jurisdictional amount"); *City of Moore, Okl. v. Atchison, Topeka, & Santa Fe Ry. Co.* 699 F.2d 507, 509 (10th Cir. 1983) (directing courts evaluating the amount in controversy to "look to the pecuniary effect an adverse declaration will have on either party to the lawsuit."). Because the complaint seeks declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Lovell v. State Farm Mutual Automobile Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). Counts I through III of the complaint seek both declaratory and injunctive relief related to the foreclosed-upon properties of Allred, Jensen, and other putative class members. *See* Compl. ¶¶ 40-58. At the trustee's sales, the Allred property sold for $186,478.87, and the Jensen property sold for

---

[2] The Complaint inaccurately alleges that ReconTrust Company, N.A. is a citizen of the state of Texas. *See* Compl. ¶ 8. A national bank is a citizen of the state where the bank maintains its main office, "as set forth in its articles of association." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). ReconTrust's Amended Articles of Association identify Simi Valley, California as the location of its main office. *See* Amended Articles of Association attached as **Exhibit B**. *See, e.g., Rodriguez v. Bank of Am. Corp.*, No. 2:11-cv-01877, 2012 WL 2375833, at *3 (D.Nev. Jun. 21, 2012) ("ReconTrust is . . . a citizen of California, where it is headquartered."). Defendant requests that this Court take judicial notice of the Amended Articles of Association. *See Fernandez v. Wells Fargo Bank, N.A.*, No. C-12-3941 NC, 2012 WL 5350256, at *1 (N.D. Cal. Oct. 29, 2012) (taking judicial notice of articles of association to determine citizenship of national bank in jurisdiction analysis).

$191,989.77.  *See* trustee's deeds attached hereto as **Exhibit C & D**.[3]  Accordingly, the amount in controversy exceeds the requisite $75,000.

### III.   REMOVAL JURISDICTION UNDER CAFA

15.   As set forth below, based on the allegations in Plaintiffs' Complaint, this Court also has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from that of at least any one of the Defendants; and (3) the aggregate amount placed in controversy by the claims of Plaintiffs and the putative class members exceeds $5,000,000.00, exclusive of interest and costs.

**A.   The Putative Class Consists Of At Least 100 Proposed Class Members.**

16.   The putative class consists of at least 100 proposed class members.

17.   Plaintiffs claim to bring this action on behalf of "all owners of real property in the state of Utah that have had their property foreclosed on by ReconTrust acting as a trustee in the foreclosure sale over the past 5 years."  Compl. ¶ 13.

18.   Plaintiffs further allege that, over the past five years, ReconTrust has illegally foreclosed upon "hundreds" of properties in Utah.  *See* Compl. ¶¶ 1, 40.

19.   Because plaintiffs claim that ReconTrust has foreclosed upon "hundreds" of properties in Utah, Plaintiffs' proposed class consists of at least 100 persons.

---

[3]   Defendant requests that this Court take judicial notice of the trustee's deeds pertaining to the Allred and Jensen properties that are referenced in the Complaint.  *See* Compl. ¶¶ 32, 38; *Anderson v. Homecomings Financial, LLC*, 2:11-cv-332, 2011 WL 2470509, at *6 (D. Utah Jun. 20, 2011) (taking judicial notice of a trustee's deed because it was publicly recorded, referenced in the plaintiff's complaint, and plaintiff's claims were based of its interpretation).

B.     **The Citizenship of at Least One Putative Class Member is Different From That Of At Least Any One Of The Defendants.**

20.    Minimal diversity of citizenship exists between ReconTrust and the named plaintiffs.

21.    Allred and Jensen, the named plaintiffs, allege that they reside in the state of Utah.  *See* Compl. ¶¶ 6-7.  The named plaintiffs sue both individually and as representatives of a purported class.  *See* Compl. ¶ 40.

22.    As noted above, ReconTrust is a citizen of the state of California.  *See infra* ¶ 12.

23.    Because both named plaintiffs are citizens of the state of Utah, and ReconTrust is a citizen of the state of California, the citizenship of at least one putative class member is different from the citizenship of the defendant, thereby satisfying the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

C.     **The Aggregate Amount In Controversy Exceeds $5,000,000, Exclusive Of Interest And Costs.**

24.    Plaintiffs' class claims meet CAFA's amount in controversy requirement.

25.    Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).

26.    "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  While plaintiffs do not provide an amount of relief requested, such an omission is not sufficient to prevent removal.  *See McPhail*, 529 F.3d at 955; *accord Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) ("Removal is

proper if the defendant's estimate of the stakes is plausible; plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum."); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.") S*ee also McPhail*, 529 F.3d at 956 (noting that the jurisdictional amount can be estimated from the allegations set forth in the complaint and other documents at issue in the litigation). Further, as discussed above, in cases seeking declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *See Lovell*, 466 F.3d at 897.

27.  It is facially apparent from the complaint that the aggregated amount in controversy exceeds $5,000,000. Plaintiffs allege that "hundreds" of properties have been foreclosed upon by ReconTrust in Utah over the past five years. Plaintiffs' reference to "hundreds" of foreclosure sales means, at the very least, two hundred sales. For each of the "hundreds" of sales, plaintiffs seek to "disgorge" from ReconTrust any interest, proceeds from sale, sums collected from sales, and costs (including attorneys' fees) incurred on plaintiffs' accounts. As explained above, the named plaintiffs each seek to recover approximately $190,000 as "sums collected" for the sales of the Allred property and Jensen property. *See supra* ¶ 14 (explaining that Plaintiffs seek to recover at least $186,478.87 regarding the Allred property and $191,989.77 regarding the Jensen property). It is certainly possible that the "sums collected from sales" for each of the putative class members would equal or exceed $190,000. But even if the putative class members sought to recover only half that amount, $95,000, the complaint's request for "sums collected from sales" would easily exceed the amount in controversy

threshold, without taking into consideration the other types of damages that the plaintiffs seek to recover. Two hundred foreclosure sales multiplied by a minimum recovery of $95,000 for each sale would put the amount in controversy at $19,000,000, thus exceeding the requisite $5,000,000 threshold.

28.     Further, CAFA's legislative history clarifies that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. REP. 109-14, 109TH CONG., 1ST SESS. 2005, *reprinted in* 2005 U.S.C.C.A.N. 3, 41 (stating that "[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions").

29.     In sum, because the putative class is larger than 100 members, there is minimal diversity between the parties, and the $5,000,000 amount in controversy requirement is satisfied, this case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.[4]

---

[4] In addition, federal question jurisdiction exists because the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012); *see also Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012). Here, Plaintiffs raise a claim under the National Bank Act that is contested by the parties, involves a "substantial" federal issue of statutory interpretation that will impact numerous foreclosures, and will not lead to an "enormous shift of traditionally state [foreclosure]" cases into federal courts. *See Gilmore*, 694 F.3d at 1170-76.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated this 26th day of December, 2013

                                          **AKERMAN LLP (f/k/a Akerman Senterfitt, LLP)**

                                          /s/ David P. Billings
                                          Robert H. Scott
                                          Chandler P. Thompson
                                          David P. Billings
                                          *Attorneys for Defendant ReconTrust Company, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of December, 2013, the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was filed with the Clerk of the Court via email at newcases@cod.uscourts.gov and uploaded to ECF and electronically served on all parties represented by counsel.

>Tyler Ayres
>12339 South 800 East, Suite 101
>Draper, Utah 84020
>Telephone: (801) 255-5555
>Facsimile: (801) 255-5588
>tyler@ayreslawfirm.com
>*Attorney for Plaintiffs*

>/s/ David P. Billings_____
>David P. Billings

{27672053;2}