# EXHIBIT A

Tyler Ayres, USB 09200
12339 S. 800 East, Suite 101
Draper, UT 84020
(801) 255-5555 Phone
(801) 255-5588 Fax
tyler@ayreslawfirm.com


Attorney for Plaintiffs


## IN THE DISTRICT COURT OF SALT LAKE COUNTY,

## WEST JORDAN DIVISION, STATE OF UTAH

| | |
|---|---|
| ERIC ALLRED<br>　　　4884 W. Aspen Springs Drive<br>　　　Riverton, UT 84096 | COMPLAINT |
| SCOTT JENSEN<br>　　　1439 W. 1710 S.<br>　　　WOODS CROSS, UT 84087 | |
| 　　　　On his behalf and those<br>　　　　Similarly situated, | Case number: |
| 　　　　Plaintiffs, | JURY TRIAL REQUESTED |
| v. | |
| RECONTRUST COMPANY N.A.<br>　　　7105 Corporate Drive<br>　　　Plano TX 75024-9818<br>Serve: by Certified Mail per<br>　　　Utah Code §16-17-301 | |


## CLASS ACTION COMPLAINT

COME NOW Plaintiffs, Eric Allred and Scott Jensen (hereinafter, "Collectively Plaintiffs"), and for their Class Action Complaint state as follows:

## I.   INTRODUCTION

1. This case has to do with the unlawful actions of Defendant Recontrust Company N.A. (Recontrust) in conducting bogus and illegal foreclosures against residents of the State of Utah. Defendant Recontrust is a national bank, not a resident of the State of Utah, and has no authority pursuant to Utah state law to conduct foreclosures for lenders, however, it has over the last 5 of years purported to act as trustee on hundreds of foreclosures leading to the loss of Utah residents homes. In furtherance of it's illegal and unlawful activities Recontrust has conducted non judicial foreclosure actions against hundreds of Utah residents foreclosing on real property located in the State of Utah. Recontrust is located in the State of Texas where it conducts its fiduciary business.

2. The non judicial foreclosures throughout the State of Utah conducted by Recontrust are void, the trustee deeds obtained arising from the actions of Recontrust are void, and Recontrust along with the lenders it acted as trustee for in foreclosure have been unjustly enriched by the illegal activity.

3. §§ 57-1-21 and 57-1-23 of the Utah Code limit the power of sale to trustees who are either members of the Utah State Bar or title insurance companies with an office in Utah.

4. Under § 57-1-23 of the Utah Code:

> a qualified trustee
> "is given the power of sale by which the trustee may . . . cause the
> trust property to be sold."

§ 57-1-21(1)(a) defines qualified
trustee as:
(i) any active member of the Utah State Bar who
maintains a place within the state where the trustor or
other interested parties may meet with the trustee [or]. . .
(iv) any title insurance company or agency that:
(A) holds a certificate of authority or license . . . to
conduct insurance business in the state;
(B) is actually doing business in the state; and
(C) maintains a bona fide office in the state.

5. Recontrust is neither a member of the Utah State Bar nor a title insurance company or agency with an office in the State of Utah. Recontrust was therefore not a qualified trustee with the power of sale under Utah Code §s 57-1-21 and 57-1-23. *Federal Nat. Mortg. Ass'n v. Sundquist* 2013 UT 45, 311 P.3d 1004 (2013).

## II.   THE PARTIES

6. Eric Allred is a resident of the State of Utah, with the subject matter property foreclosed upon located at 656 E. Pioneer Road, Draper, UT 84020.

7. Scott Jensen is a resident of the State of Utah, with the subject matter property foreclosed upon located at 1423 S. 875 W., Woods Cross, UT 84087.

8. Defendant Recontrust is a resident of the State of Texas, with its principal office located at 7105 Corporate Drive, Plano TX 75024-9818.

9. Recontrust engages in the business of acting as Trustee in the State of Utah on real property located in said State, although it has no authority to conduct foreclosure sales nor to be the trustee under deeds of trust.

## JURISDICTION AND VENUE

10. Declaratory and injunctive relief is available pursuant to Utah Rule 65A.

11. This Court has jurisdiction over all matters subject herein in that each foreclosure conducted was on real property located in the State of Utah, and therefore jurisdiction is proper pursuant to Utah Code §s Utah Code § 78-27-24.

12. This Court has jurisdiction over this class action pursuant to Utah Court Rule 23. This Court has further jurisdiction over this matter since the *Rooker–Feldman* doctrine prohibits federal courts from considering both claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment. In this case the claims asserted are inextricably intertwined with the state-court judgment which caused, actually and proximately, the injury for which the plaintiffs seek redress. *Federal Nat. Mortg. Ass'n v. Sundquist* 2013 UT 45, 311 P.3d 1004 (2013).

## CLASS DEFINITION

13. The Class consists of all owners of real property in the State of Utah that have had their property foreclosed on by Recontrust acting as trustee in the foreclosure sale over the last 5 years.

14. Utah Civil Rule of Procedure 23 States:

### RULE 23. CLASS ACTIONS
   (a) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses

of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

**(b) Class actions maintainable.** An action may be maintained as a **class action** if the prerequisites of Subdivision (a) are satisfied, and in addition:

(b)(1) The prosecution of separate actions by or against individual members of the class would create a risk of:

(b)(1)(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(b)(1)(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(b)(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(b)(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

15. The defined Class meets the requirements of Rule 23 in that one or more members of a class may sue or be sued as representative parties on behalf of all in that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

16. The defined Class also satisfies the requirements of Rule 23(b) as set forth above in that the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; the Defendant party has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; and the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17. The questions of law and fact common to the Plaintiffs Class which predominate over any questions affecting only individual members of the Plaintiffs Class and, in fact, the wrongs alleged against Recontrust by the Named Plaintiffs and Class

members and the remedies sought by Named Plaintiffs and the Class members against Recontrust are identical, the only difference being the exact monetary sum to which each Named Plaintiff and Class member is entitled to receive from the sum disgorged from Recontrust or it is otherwise required to pay.   The common issues include, but are certainly not limited to:

    i.    Whether Recontrust lacked legal standing to have obtained the Deeds of Trust and conduct the foreclosure sales to obtain the same, as well as pursue unlawful detainer actions against Named Plaintiffs and Class members; and

    ii.    Whether this Court may declare the Recontrust Deeds of Trust against the Named Plaintiffs and Class members void in accordance with the decision in *Federal Nat. Mortg. Ass'n v. Sundquist* 2013 UT 45, 311 P.3d 1004 (2013) and set aside all foreclosures; and

    iii.    Whether Recontrust threatened or took actions that it had no right to take under state law; and

    iv.    Whether Recontrust should be ordered to disgorge money that it has wrongfully collected or pay damages when it was not qualified to act as a trustee under a deed of trust in Utah.

18. Named Plaintiff's legal and equitable claims are typical and the same or identical for the members of the Class and will be based on the same legal and factual theories.

19. Recontrust defenses (which defenses are denied) would be typical and the same or identical for each of the member of the Plaintiffs Class and will be based on the same legal and factual theories.

20. The Named Plaintiffs will also fairly and adequately represent and protect the interests of the Plaintiffs Class. Named Plaintiffs do not have any interests which might cause them not to vigorously prosecute this action or are otherwise adverse to the interests of the members of the members of the Plaintiffs Class.

21. Certification of a Plaintiff's Class under Rule 23 is appropriate as to the Plaintiff Class Members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.  A class action will cause an orderly and expeditious administration of claims by the Plaintiff Class members, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

22. The only individual questions concern the identification of class members and who are entitled to any funds that Recontrust is ordered to disgorge as the fruit of its unlawful activities or share in any damages permitted by law. This information can be determined by a ministerial examination of public records in various court houses or from the Defendant's business records or other sources, which are admissible as an exception to the hearsay rule and as a statement by a party.

23. Plaintiffs' claims are typical of the claims of the class members.

24. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action. They are similarly situated with, and have suffered similar injuries as, the members of the Class they seek to represent. They feel that they have been wronged, wish to obtain redress of the wrong, and wants

Defendant stopped from enriching itself from illegal activities or otherwise perpetrating similar wrongs on others.

25. To that end, Plaintiffs have retained counsel experienced in handling suits involving unfair or deceptive business practices that harm consumers.

26. Defendant, by acting as a trustee illegally and against Utah State Law, has acted on grounds generally applicable to the Class.

27. The Plaintiff Class members have suffered damages, losses, and harm similar those sustained by the Named Plaintiffs and described above.

//

//

## FACTS

### ERIC ALLRED

28. Eric Allred owned property located at 656 E. Pioneer Road, Draper, UT 84020, with a deed of trust executed April 2, 2007, and executed by Eric J. Allred , as trustor in favor of Mortgage Electronic Registrations Systems Inc. as nominee for Meridias Capital Inc. its successors and assigns, which caused the subject property herein to be sold at a public sale to Federal National Mortgage Association (hereinafter "FNMA") with a mortgage held by BAC Home Loans Servicing LP LKA Countrywide Home Loans Servicing LP.

29. Eric Allred allegedly defaulted on the loan February 2010 through September 2010.

30. On the date of alleged default BAC Home Loans Servicing LP LKA Countrywide Home Loans Servicing LP is believed to have owned the loan, and the named successor trustee was Defendant Recontrust.

31. Defendant Recontrust allegedly gave notice it was the successor trustee and notice of trustees sale on June 28, 2011 by posting on the property, county recorders office and by publication.

32. On June 28, 2011 a nonjudicial foreclosure sale was conducted on the subject property by Recontrust, and a deed by Recontrust as trustee allegedly transferred ownership of the property to FNMA.

33. Recontrust was at the time of the foreclosure sale neither a member of the Utah State Bar nor a title insurance company or agency with an office in the State of Utah. Recontrust was therefore not a qualified trustee with the power of sale under Utah Code §s 57-1-21 and 57-1-23. *Federal Nat. Mortg. Ass'n v. Sundquist* 2013 UT 45, 311 P.3d 1004 (2013).

### SCOTT JENSEN

34. Scott Jensen owned property located at 1423 S. 875 W., Woods Cross, UT 84087, with a deed of trust executed July 15, 2011, with a mortgage believed to be held by BAC Home Loans Servicing LP LKA Countrywide Home Loans Servicing LP.

35. Scott Jensen allegedly defaulted on the loan July 2010 through September 2010.

36. On the date of default BAC Home Loans Servicing LP LKA Countrywide Home Loans Servicing LP owned the loan, and the named successor trustee was Defendant Recontrust.

37. Defendant Recontrust gave notice it was the successor trustee and notice of trustees sale by posting on the property, county recorders office and by publication.

38. On April 5, 2011 a nonjudicial foreclosure sale was conducted on the subject property by Recontrust, and a deed by Recontrust as trustee allegedly transferred ownership of the property to Federal National Mortgage Association (hereinafter "FNMA").

39. Recontrust was at the time of the foreclosure sale neither a member of the Utah State Bar nor a title insurance company or agency with an office in the State of Utah. Recontrust was therefore not a qualified trustee with the power of sale under Utah Code §s 57-1-21 and 57-1-23. *Federal Nat. Mortg. Ass'n v. Sundquist* 2013 UT 45, 311 P.3d 1004 (2013).

## FACTS COMMON TO NAMED PLAINTIFFS
## AND MEMBERS OF CLASS

40. Recontrust is and has conducted bogus and illegal foreclosures against residents of the State of Utah, including, but not limited to, named Plaintiffs herein. Defendant Recontrust is a national bank, not a resident of the State of Utah, and has no authority pursuant to Utah state law to conduct foreclosures for lenders, however, has over the last 5 of years acted as trustee on hundreds of foreclosure sales leading to the loss of Utah residents homes. In furtherance of it's illegal and unlawful activities Recontrust has conducted non judicial foreclosure actions against hundreds of Utah residents foreclosing on real property located in the

State of Utah.  Recontrust is located in the State of Texas where it conducts its fiduciary business.

41. The non judicial foreclosures throughout the State of Utah conducted by Recontrust are void, the trustees deeds executed by Recontrust are void, and Recontrust along with the lenders it acted as trustee for in foreclosure have been unjustly enriched by the illegal activity.

42. §s 57-1-21 and 57-1-23 of the Utah Code limit the power of sale to trustees who are either members of the Utah State Bar or title insurance companies with an office in Utah.  Recontrust is neither a member of the Utah State Bar nor a title insurance company.

43. The Utah Supreme Court has determined Recontrust Company N.A. is not authorized to act as Trustee for nonjudicial foreclosures in the State of Utah. *Federal Nat. Mortg. Ass'n v. Sundquist* 2013 UT 45, 311 P.3d 1004 (2013).

## COUNT I

## (Individual and Class Declaratory Judgment and Injunctive relief Related to Recontrust Company N.A)

44. Named Plaintiffs incorporate the foregoing allegations.

45. Named Plaintiffs seek a declaration on her individual behalf and on behalf of the Plaintiff class members that the Defendant Recontrust is not entitled to any interest, proceeds from sale, or other benefit from the Plaintiff Class Members on the purported foreclosure sales since Recontrust was acting unlawfully as an unauthorized trustee on said foreclosure sales, the foreclosure sales are void, each foreclosure sale

conducted by Defendant is set aside, and the Deed of Trust obtained as to each foreclosure sale is null and void.

46. Defendant **Recontrust** should be ordered to disgorge all interest, proceeds from sale, or other benefit derived from foreclosure sales held by Defendant Recontrust from foreclosure sales of the Named Plaintiff and Class members' real property; all amounts that **Defendant has** obtained as a result of the foreclosure sales held illegally against the Named Plaintiffs and Class members. The disgorged amounts are liquidated amounts.

47. Defendant should be enjoined from attempting to collect interest, proceeds from sale, or other benefit obtained by Recontrust against Plaintiff Class members when it was operating as an illegal and unlawful Trustee in foreclosure proceedings.

48. Alternatively a declaration that the Defendant Recontrust, is not entitled to the assistance of any Utah court to enforce any claim for interest, proceeds from sale, or other benefit from Named Plaintiffs or Class members from foreclosures Recontrust conducted illegally and unlawfully.

WHEREFORE, Named Plaintiffs and Plaintiff Class Members pray that this

Court:

a.     Certify this case as a class action with the Named Plaintiffs as class representative and their attorneys as counsel on behalf of the Plaintiff Class Members described herein; and

b.      Order appropriate declaratory and injunctive relief against Defendant Recontrust to prevent further violations of law or providing benefits to said Defendant Recontrust from its illegal activities, including a preliminary and permanent injunction; and

c.      Order the Defendant to disgorge all interest, proceeds from sale, or other benefit from the Named Plaintiff and Class members based upon foreclosure sales held illegally and unlawfully against the Named Plaintiffs and Class members when Defendant Recontrust acted as trustee without being authorized to do so by Utah State law, along with prejudgment interest on any amounts awarded; and

d.      Alternatively, for a declaratory judgment that Defendant is not entitled to the assistance of any Utah Court to collect any interest on judgment obtained illegally;   and

e.      All foreclosure sales conducted by Defendant be set aside; and

f.      Award reasonable attorney's fees, litigation expenses and costs; and

g.      Provide such other or further relief as the Court deems appropriate.

## COUNT II

### (Individual and Class Declaratory Judgment and Injunctive Related to Recontrusts Collection of Pre- and Post-foreclosure Costs Against the Named Plaintiffs and Plaintiffs Class Members)

49. Named Plaintiffs incorporate the foregoing allegations.

50. Named Plaintiffs seek a declaration on their individual behalf and on behalf of the Plaintiff class members that the Defendant Recontrust is

not entitled to any costs (including attorney's fees) from the Named Plaintiffs and Class members on the purported debts since Recontrust was acting unlawfully as an unauthorized Trustee for the purposes of foreclosure.

51. Defendant Recontrust should be ordered to disgorge all costs (including attorney's fees) on the Named Plaintiffs and Class member's accounts that it has obtained as a result of the foreclosures conducted illegally against the Named Plaintiffs and Class members while Recontrust acted illegally as an unauthorized trustee. The disgorged amounts are liquidated amounts.

52. The Defendant should be enjoined from attempting to collect costs on any foreclosures conducted by Recontrust against the Named Plaintiffs and Class members since Recontrust was operating as an unauthorized trustee.

53. Alternatively, a declaration that named Defendant is not entitled to the assistance of any Utah court to enforce any claim for costs on foreclosures conducted illegally and unlawfully.

WHEREFORE, Named Plaintiffs and Plaintiff Class Members pray that this

Court:

a.     Certify this case as a class action with the Named Plaintiffs as class representatives and their attorneys as counsel on behalf of the Plaintiff Class Members described herein;

b.     Order appropriate injunctive relief against Defendant Recontrust

to prevent further violations of law or providing said Defendant any benefits from its illegal activities, including a preliminary and permanent injunction;

c.    Order the named Defendant to disgorge all cost amounts collected (including attorney fees) from the Named Plaintiffs and Class Members based upon foreclosures entered improperly against the Named Plaintiffs and Class members when Recontrust acted as an unauthorized trustee along with prejudgment interest on any amounts awarded;

d.    Alternatively, for a declaratory judgment that named Defendant is not entitled to the assistance of any Utah Court to collect the principal amount of any judgment obtained illegally;

e.    Award reasonable attorney's fees, litigation expenses and costs;

f.    Order appropriate declaratory relief; and

g.    Provide such other or further relief as the Court deems appropriate.

## COUNT III

### (Individual and Class Declaratory Judgment and Injunctive Related to Recontrust Company N.A.'s Collection of the Principal Amount of Foreclosures Against the Named Plaintiffs and Plaintiff Class Members)

54. Named Plaintiffs incorporate the foregoing allegations.

55. Named Plaintiffs seeks a declaration, on their individual behalf and on behalf of the Plaintiff class members, that since Defendant Recontrust was acting

unlawfully as an unauthorized trustee, Recontrust does not have legal standing under any Deed or Trust to conduct any foreclosure proceeding and/or sale, or to to file any action for unlawful detainer in Utah Courts against the Named Plaintiffs and Class members and any judgments already obtained should be declared (i) void and unenforceable and (ii) Recontrust should not be entitled to collect any sums on those judgments or debts related to the Plaintiff Class members.

56. That named Defendant should be ordered to disgorge all sums collected from illegal and unlawful foreclosures from the Named Plaintiffs and Class member that Recontrust obtained as a result of the foreclosures held improperly against the Named Plaintiffs and Class members while it acted illegally as an unauthorized trustee. The disgorged amounts are liquidated amounts.

57. That named Defendant should be enjoined from attempting to collect any judgment amounts entered as a result of the foreclosures held illegally, unlawfully and improperly against the Named Plaintiffs and Class members in its favor, while Recontrust acted illegally as an unauthorized trustee.

58. Alternatively a declaration that named Defendant not be entitled to the assistance of any Utah court to enforce the principal amount due under any judgment derived or obtained improperly from a foreclosure sale conducted by Recontrust as an unauthorized trustee.

WHEREFORE, Named Plaintiffs and Plaintiff Class Members pray that this Court:

a.    Certify this case as a class action with the Named Plaintiffs as

class representative and their attorneys as counsel on behalf of the Plaintiff class members described herein;

b.      Order appropriate injunctive relief against the Defendant to prevent further violations of law or providing any benefit to Defendant for its illegal activities, including a preliminary and permanent injunction;

c.      Order the named Defendant to disgorge all judgment amounts, proceeds from sale, costs and expenses collected from the Named Plaintiffs and Class members based upon foreclosures entered improperly, unlawfully and illegally against the Named Plaintiffs and Class members when Recontrust acted as an unauthorized trustee along with prejudgment interest on any amounts awarded;

d.      Award reasonable attorney's fees, litigation expenses and costs;

e.      Order appropriate declaratory relief; and

f.      Provide such other or further relief as the Court deems appropriate.

## COUNT IV

## (Individual and Class Claim for Unjust Enrichment)

59. Named Plaintiffs incorporate the foregoing allegations.

60. Defendant Recontrust is not entitled to receive any benefit or payments from Named Plaintiffs and Class members as a result of the foreclosures obtained by them in foreclosures conducted by Defendant Recontrust against the Named Plaintiffs and Class members because it did not have

the legal right or legal standing to have even initiated the foreclosures actions in the first instance.

61. Recontrust knew or should have known for the past 5 years that it was required to be authorized by Utah State law to act as a trustee in the State of Utah and Recontrust failed to take the necessary action to be authorized as a trustee for the purposes of conducting foreclosure sales in the State of Utah against the Named Plaintiffs and Class members.

62. Due to its knowledge, as described above, named Defendant had an appreciation that it was not entitled to receive the benefits they were collecting from the Named Plaintiffs and Class members that flow from the void foreclosures illegally, unlawfully and improperly obtained.

63. The acceptance and retention by named Defendant of any sums received as a result of the void foreclosures obtained by them against the Named Plaintiffs and Class members under such circumstances is inequitable since Defendant Recontrust did not have the legal right to even collect such sums on behalf of itself and buyers at the foreclosures conducted by the same—this conclusion is just and proper even though Recontrust might have otherwise collected the alleged debts legally by becoming authorized to conduct the foreclosures subject therein. The amounts accepted and retained by Defendant are liquidated amounts.

WHEREFORE, Named Plaintiffs and Plaintiff Class Members pray that this

Court:

a.    Certify this case as a class action with the Named Plaintiffs as

class representative and their attorneys as counsel on behalf of the Plaintiff Class Members described herein;

b.     Grant a money judgment in favor of the Named Plaintiffs and Class members and order the Defendant to disgorge and pay to the Named Plaintiffs and Class members all judgment sums, attorney's fees, costs, and pre- and post-judgment interest it has collected from the Named Plaintiffs and Class members foreclosures that it conducted without the right to do so, in such amount as to be determined at trial and for purposes of a sum certain directly related to the judgment sums, pre- and post-judgment interest and costs (including attorney's fees) charged by Defendant against the Named Plaintiffs and Class members, subject to further discovery as to the size of the class.

c.     Award reasonable attorney's fees, litigation expenses and costs; and

d.     Provide such other or further relief as the Court deems appropriate.

Respectfully submitted,

/s/     Tyler Ayres
Tyler Ayres, Esq., #
Attorney for Plaintiffs
12339 S. 800 East, Suite 101
Draper, UT 84020

tyler@ayreslawfirm.com