Tyler Ayres, USB 09200
12339 S. 800 East, Suite 101
Draper, UT 84020
(801) 255-5555 Phone
(801) 255-5588 Fax
tyler@ayreslawfirm.com

Counsel for Plaintiffs, Eric Allred and Scott Jensen.

# IN THE UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIC ALLRED, ET AL., on their own behalf and on behalf of a class of similarly situated persons,<br><br>        Plaintiffs,<br><br>  v.<br><br>RECONTRUST COMPANY, N.A<br><br>        Defendant. | **MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY A CLASS AND A SUBCLASS**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>Case No. 13-cv13-cv-1124-BSJ |

Plaintiffs Eric Allred ("Allred") and Scott Jensen ("Jensen") (collectively "Plaintiffs") move at this time for the Court to certify a Class in their action against Defendant ReconTrust Company, N.A. ("Recon") consisting of the following persons:

> all owners of real property in the State of Utah that have had their property foreclosed on by the Defendant Recontrust Company NA ("Recon") acting as trustee in the foreclosure sale in the five year period preceding the filing of the complaint in this action.

The Plaintiffs submit that the Class may be certified under Rule 23(b)(2) or (3).

Plaintiff Allred also seeks certification of a subclass under Rule 23(b)(3) consisting of the following persons:

> All Class Members that had their property sold after May 11, 2011.

Pursuant to Rule 23(c)(4), which provides "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues", the Plaintiffs seek the Court to address the following issue at this time:

> Whether or not the Defendant ReconTrust Company, N.A. ("Recon") acted lawfully when it conducted foreclosures against Utah residents and their Utah properties.

Plaintiffs submit the following Memorandum in Support of their Motion to Certify a Class and Subclass.

## I.     INTRODUCTION

This case seeks a determination whether or not the Defendant ReconTrust Company, N.A. ("Recon") acted lawfully when it conducted foreclosures against Utah residents and their Utah properties. Plaintiffs contend that the Defendant acted illegally since Utah only permits an attorney or a title insurer to conduct foreclosure sales under a deed of trust. See Utah Code §s 57-1-21 and 57-1-23; *Federal Nat. Mortg. Ass'n v. Sundquist* 2013 UT 45, 311 P.3d 1004 (2013). Defendant Recon is admittedly neither.

Defendant Recon conversely contends that the Utah law is preempted by 12 U.S.C.A. §92a of the National Bank Act. This statute addresses trust accounts and other fiduciary activities:

> the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located..

No Utah bank may act as a "trustee" under a deed of trust in Utah. Further, under Utah law there is no fiduciary relationship involved with acting as a "trustee" under a

2

deed of trust. *First Sec. Bank of Utah, N.A. v. Banberry Crossing*, 780 P.2d 1253, 1256 (Utah 1989).  Utah law does not discriminate against national banks and Title 12 U.S.C.A. § 92a has no application to the Defendant's acts as a "trustee" under a deed of trust. It is not the type of "trustee" covered by § 92a. The Defendant is not acting in any type of fiduciary capacity when it acts as a "trustee" under a deed of trust.

Notwithstanding, whether or not Recon legally conducted foreclosures in Utah is the controlling and predominate issue in this litigation. However, it does not need to be decided for purposes of this motion. The Motion addresses whether or not the Court should certify a class under Rule 23(a) and (b) and address the issue on a class basis under Rule 23(c)(4).

The proposed class consists of all owners of real property in the State of Utah that have had their property foreclosed on by the Defendant Recon acting as trustee in a foreclosure sale in the five year period preceding the filing of the complaint in this action. Plaintiffs seek certification of this class under Rule 23 (b)(2) and (b)(3). The Plaintiffs also move the court to certify a subclass under Rule 23 (b)(3) consisting of all persons in the class in which the foreclosure sale occurred after May 11, 2011. [1] Consideration of the Motion should be guided by the direction of the 10th Circuit:

> But if there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require.

*Esplin v. Hirschi,* 402 F.2d 94, 99 (10th Cir.  1968).

### II.     Statement of Material Facts.

Plaintiffs submit the following facts in support of their Motion to Certify A Class and Subclass:

---

[1] This is the date that Utah Code § 57-1-23.5 became effective.

1. The Defendant Recontrust Company N.A. ("Recon") is neither an attorney admitted to practice in the State of Utah or a title insurer. See Plaintiffs' Complaint, First Sentence of ¶ 5 ("Recontrust is neither a member of the Utah State Bar nor a title insurance company or agency with an office in the State of Utah.) (Doc. 1) and Defendant Recon's Answer in response to ¶ 5: "ReconTrust admits the allegations of the first sentence". (Doc. 40).

2. The Plaintiff Scott Jensen owns real property known as 1423 S. 875 W., Woods Cross, UT 84087 ("Jensen Property"). See Plaintiffs' Complaint, ¶ 7, and Defendant Recon's Answer in response to ¶ 7: "Admitted on information and belief". (Doc. 40).

3. On April 5, 2011, the Defendant Recon, alleging to be the "Trustee" or "Successor Trustee" under a Deed of Trust covering the Jensen Property, conducted a non-judicial foreclosure sale of the Jensen Property and executed a Trustee Deed. See Exhibit 1, Recon's Answer to Interrogatory No. 17 at pp. 20-21.

4. The Plaintiff Eric Allred owns real property known as 656 E. Pioneer Road, Draper, UT 84020 ("Allred Property"). See Plaintiffs' Complaint, ¶ 6, and Defendant Recon's Answer in response to ¶ 6: "Admitted on information and belief". (Doc. 40).

5. On June 28, 2011, the Defendant alleging to be the "Trustee" or "Successor Trustee" under a Deed of Trust covering the Allred property, conducted a non-judicial foreclosure sale of the Allred Property and executed a Trustee Deed. See Exhibit 1, Recon's Answer to Interrogatory No. 2 at pp. 6-7.

6. When Defendant Recon was asked "[i]f you contend that Allred or Jensen was treated any differently than Proposed Class Members identify the facts concerning such

contention", Recon only provided an objection stating "Defendant objects to the interrogatory because it does not understand it and because the phrase "treated differently" is not defined and is vague and ambiguous. Defendant stands on its objection." See Exhibit 1, Defendant Recon's Response to Interrogatory No. 16 at p. 20.

7. Recon has set forth its defenses to the claims of the Plaintiffs. See Exhibit 1, Defendant Recon's Response to Interrogatory No. 1, pp. 3-6.

8. Recon has acted as the "Trustee" or "Successor Trustee" for Utah Properties at least 87 times before May 11, 2011. See Exhibit 2, Defendant Recon's Response to First Request for Admissions.

9. Recon has acted as the "Trustee" or "Successor Trustee" for Utah Properties at least 35 times after May 11, 2011. See Exhibit 3, Defendant Recon's Response to Second Request for Admissions.

10. Plaintiff's counsel includes counsel who has been previously appointed as Class Counsel in a number of class action cases. See Exhibit 4, Declaration of Scott C. Borison.

**III.   The Requirements of Rule 23 (a).**

Rule 23 (a) sets forth 4 preliminary qualifications for a case to proceed as a class:

 (1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

These are often referred to as numerosity, conmmonality, typicality and adequacy. Each is addressed below and are met by the proposed class and subclass.

**a. Numerosity.**

There are at least 122 persons, in addition to the Plaintiffs, that have had their properties foreclosed on by the Defendant. See Material Fact Nos. 8 and 9. Plaintiff has alleged that there are hundreds of potential class members. See Complaint at ¶ 1. "It is not required that the precise number of class members be known at the time of certification." *Baker v. Comprehensive Employee Solutions,* 27 F.R.D. 354, 358 (D.Utah,2005).

Of course, the Defendant knows the precise number of foreclosures that it conducted during the class period. It acted as the "Trustee" in each foreclosure. This is not a situation that involves insurmountable or even difficult obstacles to determine the names of each person that falls with the class definition.

The Tenth Circuit has not set forth a precise number to determine when numerosity is met. *Redmond v. Bigelow,* 2014 WL 2765469, 2 (D.Utah,2014). While a precise number has not been established, there have been classes certified under Rule 23 consisting of substantially less than 124 persons. Other Circuit Courts have allowed classes to proceed with as few as 18 persons. See *Cypress v. Newport News General and Nonsectarian Hospital Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967). In several other circuits, the numerosity threshold is assumed to be met if there are 40 class members. *See e.g. Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2nd Cir. 1995) ("numerosity is presumed at a level of 40 members"); *Stewart v. Avraham,*

275 F.3d 220, 227 (3rd Cir. 2001) ("generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met").

It is respectfully submitted that the joinder of over 100 persons to this action would be impracticable. As Judge Stewart has held in addressing the numeroisty requirement of Rule 23(a): "Numerosity exists if the proposed class is "so numerous that joinder of all class members is impracticable". *Miller v. Basic Research, LLC.* 285 F.R.D. 647, 653 (D.Utah,2010).

### b. Commonality.

The common legal issue at the heart of this case is whether or not Defendant acted illegally when it chose to conduct foreclosure sales of properties in the State of Utah. The claims asserted by the Plaintiffs individually and on behalf of the Class and Subclass will all be determined by the resolution of this legal issue. "A finding of commonality requires only a single question of law or fact common to the entire class." *Miller v. Basic Research LLC,* 285 F.R.D. 647, 654 (D.Utah 2010). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir.1992)." *Redmond v. Bigelow,* 2014 WL 2765469, 4 (D.Utah, 2014).

The common issue of the legality of the Defendant's acts meets the test set forth by the U.S. Supreme Court in *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2551 (2011): the "common contention, moreover, must be of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."

Additionally, there is commonality to all of the defenses identified by the Defendant. The defenses would apply to the claims of all of the Class members. The Defendant has asserted 16 separate defenses. The Defendant would presumably raise these same defenses to any claim by a class member.

The Plaintiffs asked Defendant to explain the facts in support of each defense. See Material Fact No. 7. The Defendant grouped many of its defenses in its answer to the Interrogatories:

> 1. Defenses 1-3. The Defendant identified its status as a bank in support of its position that it did not illegally. These defenses are not affected by the individual circumstances of the Plaintiffs or class members but determined by the Defendant's status.
>
> 2. Defenses 4, 5, 6, 7, 10, 12 and 13. The defenses revolve around the provisions of deeds of trust that allowed a sale and the alleged failure to object to the sale resulting in what Recon claims is acquiescence. Since the class is limited to those who had a foreclosure sale conducted, Plaintiffs submit that these defenses would apply equally to all class members since the foreclosure sales went forward. Any legal significance of the failure to object would be the same for all class members since these are non-judicial foreclosure sales so there is no court proceeding that may limit the issues that can be raised under doctrines such as collateral estoppel or res judicata.
>
> 3. Defenses 8 and 9. The Defendant asserts that the Plaintiffs have not suffered harm by Recon conducting the foreclosure sales and there is no Utah statute that declares the sales void. Undoubtedly, Recon would interpose the same defenses to any class member.

4. Defenses 11 and 14. The Defendant raises that Plaintiffs defaulted on their notes. The same would be true for all class members since there was a foreclosure sale conducted by Recon. And, they claim an offset. The amount of damages does not defeat a class that seeks resolution of an issue under Rule 23(c)(4). Moreover, the amounts claimed can be systematically determined by the Defendant's own records avoiding any extensive fact finding on individual claims since Defendant's own records are admissible as a statement by a party.

5. Defense 15. This is an assertion that would apply to any class member complaint if the Defendant is correct that injunctive relief must be pled as a separate cause of action.

6. Defense 16. This raises a defense based on a Utah statute. This issue is addressed by the creation of a sub class since the statue cited by the Defendant only became effective on May 12, 2011 and therefore does apply to all of the class members' claims. In any event it is, like all of the Defendant's defenses, a uniform and common defense applicable to all of the subclass members.

See Exhibit 1, Defendant's Answer to Interrogatory No. 1.

**Typicality.**

As explained in a number of cases, the issues of commonality and typicality tend to merge. *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 157–158, n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). In short, the inquiry is whether the Plaintiffs are class members - can they assert the same important common, controlling issue as the class members. That is met here since both Plaintiffs have had foreclosures sales of their

9

property conducted by the Defendant. Plaintiff Jensen can also represent the subclass since his foreclosure occurred after the effective date of Utah Code 57-1-23.5.

So long as "the claims of Named Plaintiffs and class members are based on the same legal or remedial theory, differing fact situations of the class members do not defeat typicality. *DG ex rel. Stricklin v. Devaughn* 594 F.3d 1188, 1199 (10th Cir. 2010). This is true here.

### c. Adequacy of Representation.

The issue of adequacy has been divided into (i) adequacy of the proposed class representative and (ii) the adequacy of their counsel.

The requirement of adequate representation is not a search for a perfect plaintiff with an unassailable claim. The requirement merely assures that absent class members, who will be bound by the result, are protected by a vigorous and competent prosecution of the case by someone who shares their interests. See 1 Newberg and A. Conte, Newberg on Class Actions, § 3:21 (4th ed. 2004). The test is whether or not they have interests that are antagonistic to the other class members. The Plaintiffs affirmatively state that they do not have any interests adverse to the Class members. See Declarations of Plaintiffs.

As to the adequacy of counsel, that issue is now addressed by Rule 23 (g) which provides:

> (g) Class Counsel.
>     (1) Appointing *Class Counsel.*
>     (A) Unless a statute provides otherwise, a court that certifies a class must appoint class counsel.
>     (B) An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.
>     (C) In appointing class counsel, the court
>     (i) must consider:
>   the work counsel has done in identifying or investigating potential claims in

    the action,
        counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
        counsel's knowledge of the applicable law, and
        the resources counsel will commit to representing the class;
        (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
        (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
        (iv) may make further orders in connection with the appointment.

Consideration of each the mandatory factors warrants appointment of the Plaintiffs' counsel as class counsel in this matter. The claims were identified through Plaintiffs' counsel practice is devoted to advocating for and representing consumers. Plaintiffs' counsel stays well educated on current issues in the consumer law area by participating in legislative matters, litigating cases before trial and appellate courts as well as speaking on the law related to the claims.

Identifying Plaintiffs' claims was possible because of counsel's active involvement in consumer law issues. Since the filing, the Plaintiffs' counsel has investigated the Defendant and its practices. Plaintiffs' counsel has and will commit sufficient resources to prosecute the case.

Plaintiff's counsel in this case include counsel who is both experienced in class actions as well as consumer law. Plaintiffs' counsel has previously been found to be adequate class counsel and have served as lead class counsel in numerous cases involving consumer frauds and other legal violations. As set forth in Exhibit 4, Declaration of Counsel, Lead Counsel for the Plaintiff and Proposed Class, Scott C. Borison, has served as lead counsel in a number of class actions.

Similarly, his co-counsel, Tyler Ayres has extensive trial experience. His litigation and trial experience will aid the Plaintiffs and any class certified.

### IV. Rule 23 (b)(2).

> (b)(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

The Defendant contends that the foreclosures that it conducted were legal and proper. The resolution of whether or not the Defendant's actions were proper and legal can properly be addressed through entry of a declaratory judgment.

### V. Rule 23(b)(3)

> (b)(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The requirements of (b)(3) of Rule 23 are commonly referred to as predominance and superiority.

### a. Predominance.

The predominance standard is akin to the commonality required by 23(a)(2). The difference is that the common issue necessary to satisfy Rule 23(a)(2) must also be found to be the predominate issue in the case. Of course, this does not mean that there are no other issues at all. However, Plaintiffs submit that the predominance of whether

12

or not the Defendant could act as a trustee under a deed of trust and conduct foreclosure sales in the state of Utah is perhaps one of the best examples of an issue that predominates against any others. Moreover, as discussed above, even the 16 defenses raised by the Defendant do not create any collateral issues that come close to the importance or predominance of this issue.

In anticipation of the Defendant arguing that individual questions relating to damages defeat predominance in the case, the Plaintiffs at this juncture seek a determination of single issue under Rule 23(c)(4). As the 5th Circuit explained this approach avoids any individualized damage issues at this stage:

> we agree that the rule of *Comcast* is largely irrelevant "[w]here determinations on liability and damages have been bifurcated" in accordance with Rule 23(c)(4) and the district court has "reserved all issues concerning damages for individual determination." Even after *Comcast,* the predominance inquiry can still be satisfied under Rule 23(b)(3) if the proceedings are structured to establish "liability on a class-wide basis, with separate hearings to determine—if liability is established—the damages of individual class members." As explained above, this is precisely how the district court planned to calculate the claimants' damages, which "would have to be decided on an individual basis were the cases not being settled."

*In re Deepwater Horizon* 739 F.3d 790, 817 (5th Cir. 2014). See also 7A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 1777, at 516-17 (1986)). "The fundamental question to decide is whether the group aspiring to class status is seeking to remedy a common legal grievance." *Bennett v. Gravelle*, 323 F.Supp. 203, 218 (D. Maryland 1971).

The *Comcast* decision referenced is the U.S. Supreme Court's decision in *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013). In that case the Court found that the class that was certified did not meet the predominance standard because the Plaintiffs had failed to show that the class wide damages were connected to the class wide

13

liability theory of liability for an antitrust violation:

> It follows that a model purporting to serve as evidence of damages in this class action must measure only those damages attributable to that theory. If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3). Calculations need not be exact, see *Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 563, 51 S.Ct. 248, 75 L.Ed. 544 (1931), but at the class-certification stage (as at trial), any model supporting a "plaintiff's damages case must be consistent with its liability case, particularly with respect to the alleged anticompetitive effect of the violation.

133 S.Ct at 1433.

That flaw does not exist here because if the Defendant illegally conducted the foreclosure sales of the Plaintiffs' and class members' properties, their damages arise from the illegal foreclosure making the damages consistent with the class wide theory of Defendant's liability.

### b. Superiority.

Superiority is the second prong of Rule 23(b)(3). The discussion of superiority is often marked by a Defendant appearing to advocate out of concern for the class members and preserving their rights to sue the Defendant on an individual basis. As the *Esplin* Court recognized the concern expressed by a Defendant may be feigned since what Defendant would want a slew of individual cases if the individuals were truly in a position to pursue individual claims:

> The lower court indicated that efficiency could best be served in the instant case by allowing intervention. However, the procedures available for handling proliferated litigation, including intervention, presuppose 'a group of economically powerful parties who are obviously able and willing to take care of their own interests individually * * *.' Frankel, Amended Rule 23 from a

14

Judge's Point of View, 32 Antitrust L.J. 295, 298 (1966). **Yet if the purchasers fit this description, it is to be supposed that the defendants would join in demanding a class action since they could scarcely desire to defend separate actions by each party they have now admittedly injured.**

*Esplin v. Hirschi*, 402 F.2d at 101.

In *Esplin* the class members were concerned with investments that they had made and the Court posited that the class members would not be in position to pursue individual claims. Here, the class members have all suffered financial setbacks that led to a default on their mortgages – they are not in a position to pursue to their own cases.

It is respectfully submitted that the present controversy falls within the parameters of 23(b)(3).

### VI. CONCLUSION

Based on the material facts and for the reasons set forth herein, the Plaintiffs Motion for Certification of a Class and Subclass should be granted.

WHEREFORE, For the reasons set forth in this Motion and the Supporting Documents, the Plaintiffs request that the Court enter an Order granting the following relief:

1. The Court certify a Class as defined above under subdivisions (b)(2) and (b)(3) of Rule 23;

2. The Court certify a Sub-Class as defined above under subdivisions (b)(3) of Rule 23;

3. The Court appoint the Plaintiffs as Representatives of the Class;

4. The Court appoint the Plaintiff, Allred, as Representative of the Subclass;

5. The Court appoint Plaintiff's counsel as counsel for the class and subclass;

6. The Court grant such other relief as necessary.

Respectfully submitted this the 18th day of February, 2015.


                                            /s/Tyler Ayres_____
                                            Tyler Ayres

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 18th day of February, 2015 I electronically filed the foregoing **Plaintiffs' Motion to Certify a Class and Memorandum in Support** with the Clerk of Court using the CM/ECF system, and that a copy of the foregoing was sent to the following via electronic filing:

Robert.scott@akerman.com
David.Billings@akerman.com
Chandler.thompson@akerman.com


                                            /s/Tyler Ayres_____
                                          Tyler Ayres