Tyler Ayres, USB 09200
12339 S. 800 East, Suite 101
Draper, UT 84020
(801) 255-5555 Phone
(801) 255-5588 Fax
tyler@ayreslawfirm.com

Counsel for Plaintiffs, Eric Allred and Scott Jensen.

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ERIC ALLRED, ET AL., on their own behalf and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>RECONTRUST COMPANY, N.A<br><br>Defendant. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY A CLASS AND A SUBCLASS**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>Case No. 13-cv13-cv-1124-BSJ |

Defendant ReconTrust Company, N.A. ("Recon") unsurprisingly opposes the Motion to Certify a Class filed by Plaintiffs Eric Allred and Scott Jensen (Plaintiffs). However, Defendant does not contest Plaintiffs have shown the 4 prerequisites under Rule 23 (a).

Instead, the Defendant first contends that the Court should reject the motion procedurally since it was not filed within 90 days of the removal. Defendant does not claim it was prejudiced in any way by the timing of the filing nor could it. The Defendant filed a motion to dismiss after filing a motion to

1

transfer. [1] A hearing was held on the motion to dismiss. After its motion was denied, Defendant sought a stay of the action because a Petition for Certiorari was filed in *Federal National Mortgage Assoc. v. Sundquist,* 2013 UT 45, 311 P.3d 1004 (2013). Plaintiffs acted reasonably when they agreed to a stay. And, the court issued a stay.

When the Plaintiffs notified the Court the petition in *Sundquist* was denied, it set a status conference for December 15, 2014. At the conference, Plaintiffs advised that they would file their class certification motion within 90 days, which they did. Defendant made no objection. Now months later it contends the filing is untimely but can show no prejudice. Plaintiffs submit the motion was filed at an appropriate time under the circumstances of this case.

Next, the Defendant contends that the Court should follow the unpublished decision to deny certification in *Coleman v. ReconTrust Co., N.A. 2012 WL 1302567 (D.Utah,2012).* The motion before the *Coleman* court and the one before this court are as different as night is to day.

In *Coleman,* the Court found many problems with the Plaintiff's motion and the adequacy of the plaintiff's and counsel:

> the plaintiffs' memorandum in support of the motion to certify class is only seven sentences long, with no supporting evidence and no citation to any legal precedent. [And], Counsels' failure to provide any evidentiary or legal support for its motion for class certification suggests that the adequacy requirement has not been met.

---

[1] Judge Stewart denied the motion finding it was improper "judge shopping". See Memorandum and Order, Case No. 11-000666-TS, Doc. 103 at p. 19.
[2] For example, Defendant cites *Concepts, Inc. v. First Sec. Realty Serv., Inc.* 743 P. 1158 (Utah 1987). In *Concepts*, the trustee sought to have its own sale declared void because it had failed to seek a deficiency within 90 days of the sale date. The

2

> [And,] plaintiffs have failed to demonstrate they would be adequate class representatives. As explained above, plaintiffs Watson and Coleman have each quitclaimed their property interests to CPA. Accordingly, these plaintiffs face unique issues with regard to standing which calls into question their adequacy as class representatives."

The Defendant here does not dispute the adequacy of the Plaintiffs nor their counsel. Nor did Plaintiffs' file a 7 sentence motion with no evidence.

The *Coleman* plaintiffs also did not submit evidence to show numerosity. Plaintiffs submitted the Defendant's admissions to show there is numerosity. See Exhibits 2-3 to Motion. Defendant does not dispute numerosity.

In short, the *Coleman* decision does not control the motion before this Court. The "seven sentence" motion without evidence distinguishes the case from the case before this court.

Since the Defendant does not contest the Rule 23(a) requirements are met here, its opposition turns to Rule 23(b)(2) or (3).

### I. CLASSES MAY BE CERTIFIED UNDER BOTH RULE 23 (b)(2) and (b)(3).

Plaintiffs seek certification under both Rule 23 (b)(2) and (3). The Defendant suggests that Plaintiffs may not proceed for certification under both Rule 23 (b)(2) and (b)(3). Defendant cites the decision in *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2558 -2559 (2011) contending it bars Plaintiffs' request for certification under both Rule 23(b)(2) and (b)(3). The Wal-Mart decision does not prohibit the certifications sought by Plaintiffs.

In *Wal-Mart* the district court certified a Rule 23(b)(2) class. There was no request to certify a class under Rule 23(b)(3). The Wal-Mart court did not hold

3

that a case could not be certified under both (b)(2) and (b)(3) because it was not before it.

The problem raised by Defendant – that the (b)(2) class cannot be certified because damages are sought is resolved by certifying the case under both (b)(2) and (b)(3) as Plaintiffs request. Courts regularly entertain class certification on both grounds.

The Court in *In re Motor Fuel Temperature Sales Practices Litigation*, 292 F.R.D. 652, 673 -674 (D.Kan.,2013) certified classes under Rule 23(b)(2) and (b)(3) because the provisions provide different relief and any claims for damages do not have to be addressed under (b)(2) but instead can be reserved for the class under (b)(3) certification. See also, e.g., *Pella Corp. v. Saltzman,* 606 F.3d 391, 392 -393 (7th 2010)[court certified classes under both (b)(2) and (b)(3)].

### II.  THE DAMAGES FLOW FROM THE DEFENDANT'S ILLEGAL ACTS. THERE IS NO INDIVIDUALIZED PROOF OF HARM NECESSARY.

The Defendant erroneously contends that there is a need for individualized proof of harm. What is at issue here is the legality of the foreclosures conducted by the Defendant. If illegal, then the issue for damages is what amounts Defendant obtained from each illegal sale. For the subclass, the Utah legislature has also provided statutory damages under Utah Code § 57-1-23.5.

Since the damages flow from the Defendant's allegedly illegal foreclosures, Defendant's argument boils down to the assertion that the Court cannot certify a class because the amount of damages differs between class members. Defendant does not address the opinion by the 5th Circuit in *In re Deepwater Horizon,* 739 F.3d 790, 817 (5th Cir. 2014) cited by Plaintiffs.

In *Deepwater*, the conservative 5th Circuit held, despite more complex damage issues than before this Court, that predominance was not defeated by individual damages when there is a universal liability issue that affects all class members. The damages can be bifurcated from the liability determination - which is what the Plaintiffs seek here.  Most classes naturally involve individual damage claims.

In *Gunnells v. Healthplan Services, Inc.*  348 F.3d 417, 427 -428 (4th Cir. 2003) the court explained "Rule 23 explicitly envisions class actions with such individualized damage determinations....noting that Rule 23(c)(4) permits courts to certify a class with respect to particular issues and contemplates possible class adjudication of liability issues with "the members of the class ... thereafter ... required to come in individually and prove the amounts of their respective claims.". See also *Riordan v. Smith Barney,* 113 F.R.D. 60, 65 (N.D.Ill.,1986)("common for Rule 23(b)(3) actions to involve differing damage awards for different class members...")

Here, the damages are not complex. If the Court determines that the Defendant illegally foreclosed on the class members' homes, the damages can be derived from amount the Defendant received through the foreclosure sale. The subclass' right to statutory damages makes that portion of their damages simple.

The Defendant's contentions as to whether or not it illegally foreclosed on the homes of Utah residents and if so the relief that the class may be entitled to can and will be decided at the merit stage of this litigation. The Plaintiffs do disagree with a basic premise of the Defendant's argument  - that operating in violation of a statute is not void unless the statute says so. This is contrary to long

5

established Utah law. See e.g., *Olsen v. Reese,* 114 Utah 411, 416-417, 200 P.2d 733, 736 - 737 (1948)(the failure to be properly licensed renders contracts void although statute does not say so).

Long standing Utah law also holds that foreclosures sales conducted by unqualified persons are void. In *Singer Mfg. Co. v. Chalmers,* 2 Utah 542, 1880 WL 12714, 4 (Utah 1880):

> The deed of trust authorized the sale to be made by the United States Marshal. This was not done. One of his deputies made the sale as *auctioneer*. It is not claimed that he acted as deputy, but simply that a person who was a deputy acted as the auctioneer. Nor do we think that the marshal could have acted by deputy, unless the deed of trust had shown express authority to that effect, which it did not do. The fact that no injury or fraud in the sale has been shown, does not affect the question. Nor is it affected by the fact, that the purchaser was an innocent party. The sale was made by one not authorized to make it, and cannot be upheld. It is simply void, and no one gains any rights under it.

The Defendant's contention that *Singer* is no longer useful because it is too old is unpersuasive. The age of the case does not render it toothless. And, while asking the court to ignore long standing precedent, the Defendant does not address the recent Utah Supreme Court decision in *Federal National Mortgage Assoc. v. Sundquist,* 2013 UT 45, 311 P.3d 1004 (2013) that supports Plaintiffs claims and rejects the Defendant's primary defense.

Defendant's also fails to persuasively distinguish *McQueen v. Jordan Pines Townhomes Owners Ass'n, Inc.* 298 P.3d 666, 673 (Utah App.,2013). In *McQueen,* the court made clear that Utah law required the appointment of a "qualified trustee" because the "underlying rationale behind the trustee requirement thus strengthens our conclusion that a party must appoint a qualified trustee in order to enforce an assessment lien without judicial

intervention." *Id.* The defendant's position that the appointment of one who is not qualified under Utah law somehow makes no difference is contrary to the holding in *McQueen.*

None of the intermediate appellate cases cited by the Defendant address the precise issue determined in *Singer*. Nor do they address the necessity of a qualified trustee as the Court did in *McQueen*. At most, the cases do no more than demonstrate there may be dispute as to the merits of the Plaintiffs' claims. [2] See Defendant's Opposition at p. 5-8. This does not prevent certification of a class. Certification of a class will serve to promote resolution of an identical issue faced by many and promote judicial economy.

### III. THIS ACTION INVOLVES COMMON ISSUES THAT ARE PREDOMINANT.

Whether the Defendant illegally conducted foreclosures is the predominant issue in this litigation. The Plaintiff also pointed out that the defenses raised by the Defendant apply to the claims of all class members. Nowhere does the Defendant dispute this in its opposition. Unable to deny the existence of predominant issues, the Defendant argues individual issues may compete with the predominant issue identified by Plaintiffs - Whether or not the Defendant ReconTrust Company, N.A. ("Recon") acted lawfully when it conducted foreclosures against Utah residents and their Utah properties? Defendant identifies the following "individual" issues:

---

[2] For example, Defendant cites *Concepts, Inc. v. First Sec. Realty Serv., Inc.* 743 P. 1158 (Utah 1987). In *Concepts*, the trustee sought to have its own sale declared void because it had failed to seek a deficiency within 90 days of the sale date. The Court rejected the errors raised. There was no contention that the trustee was not qualified.

7

        1. Evidence of the borrowers' defaults
        2. Foreclosure Sales
        3. Communications with ReconTrust
        4. Interactions with ReconTrust

See Defendant's Opposition at p. vii.

    These alleged individual issues do not detract from the predominance of the issue identified by Plaintiffs. The first two issues are uncontested and can be determined by documentary proof. Moreover, the proposed class is limited to parties where a foreclosure sale has occurred. The foreclosure follows a default. It is doubtful that the Defendant will contend that the class members were not in default yet it foreclosed on their homes.

    The last one (there are two listed but Plaintiffs do not see any material difference between "communications" and "interactions") is based on the Defendant's legal arguments. The Defendant's position is that its lack of authority to conduct foreclosure sales can somehow be overcome because class members communicated or interacted with it. As set forth above, the foreclosures are void under Utah law. *Singer Mfg. Co. v. Chalmers*, 2 Utah 542, 1880 WL 12714, 4 (Utah 1880).

    Moreover, the Defendant's position assumes the party affected by the illegal conduct can eliminate the illegality. If this was so, it leads to bad policy because it would encourage persons to act illegally since they may avoid responsibility for the illegal actions if the person who is affected by the illegal action does or does not take certain actions. But in the end, this is a merits issue that can and should be resolved on a class basis. At the merits stage Defendant will have an opportunity to make any argument. The key for this certification

motion is that the Defendant's arguments or defenses apply to the claims of all class members making it ripe for class-wide resolution.

### IV. DEFENDANT'S REMAINING ARGUMENTS DO NOT SUPPORT DENIAL OF PLAINTIFFS' MOTION.

#### A. A CLASS IS SUPERIOR IN THIS INSTANCE.

The determination of whether a class is superior is made by reference to the following factors under Rule 23 (b)(3)(A)-(D):

**(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;

**(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;

**(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

**(D)** the likely difficulties in managing a class action.

Defendant suggests based on its identification of 11 other cases that the Court should conclude that (A) and (B) cut against certification. The Plaintiffs have shown that the Defendant has conducted at least 124 foreclosures. See Motion, Material Facts Nos. 3, 5, 8 and 9. This is the evidence before the Court. Defendant submission that there have been 11 other actions does not mean that class members want to pursue their own cases. The opposite conclusion can be drawn since this is only a handful of cases.

Tellingly, the Defendant does not provide the court with how many foreclosures it has conducted beyond the 124 identified by the Plaintiffs so that the court may determine whether the 11 represents 11 out of a thousand (one percent) or 11 out of ten thousand (1/10th of one percent). Since the Defendant has that information, it can be safely assumed that the information does not help

Defendant's argument. Out of the presumably thousands of foreclosures conducted by Defendant only a few of the victims have found the resources or recognized the harm which befell them, which shows 23(b)(3)(A) and (B) support a class.

The Defendant also argues that the case may be unmanageable because the Plaintiffs have not submitted a trial plan. The Court has set a schedule in this action. The predominant issue in this case is a legal issue to be decided by the Court. It will be presented in accordance with the scheduling order already entered by the Court. Any additional issues remaining issues can be addressed if the Court's scheduling order needs to be modified. However, as discussed above the damages for the class can be determined through Defendant's foreclosure records and the subclass damages include statutory damages set by a Utah statute. Bellwether cases for a determination of the damages due the class and subclass is also available and is an endorsed practice. See e.g., Eldon E. Fallon et. al., <u>Bellwether Trials in Multidistrict Litigation</u>, 82 Tul. L. Rev. 2323, 2365-66 (2008)

## CONCLUSION

The Plaintiffs have shown all 4 requirements under Rule 23 (a). The Defendant does not contest these requirements are met. Plaintiffs have also shown the class can be certified under Rule 23 (b)(2) and (3). Classes can and have been certified under both provisions in more complex settings. The existence of individual damages does not prevent a finding of predominance of a liability issue. Plaintiffs Motion to Certify a Class and Subclass under Rule 23 (b)(2) and (b)(3) should be granted.

Respectfully submitted this the 4th day of May, 2015.

/s/ Scott C. Borison
Scott C. Borison (Admitted Pro Hac Vice)
Legg Law Firm LLP
1900 S. Norfolk St. Suite 350
San Mateo CA 94403
Borison@legglaw.com
(301) 620-1016
Fax (301) 620-1018

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of May, 2015 I electronically filed the foregoing **Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Certify a Class and Memorandum in Support** with the Clerk of Court using the CM/ECF system, and that a copy of the foregoing was sent to the following via electronic filing:

Robert.scott@akerman.com
David.Billings@akerman.com
Chandler.thompson@akerman.com

/s/ Scott C. Borison
Scott C. Borison